UNITED STATES of America,
Appellee,

v.

Ellen DELAROSA, Defendant–
Appellant.

No. 03–1540.

United States Court of Appeals,
Second Circuit.

March 31, 2005.

David L. Lewis, Lewis & Fiore, New York, NY, for Defendant–Appellant.

Daniel W. Levy, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney, on the brief; Gary Stein, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

Present: CABRANES, STRAUB, and WESLEY, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

Defendant–Appellant Ellen DeLaRosa ("DeLaRosa") appeals from a judgment of conviction of the United States District Court for the Southern District of New York (Shirley Wohl Kram, *Judge* ) entered August 5, 2003, convicting DeLaRosa upon a guilty plea of seven counts of wire fraud, in violation of 18 U.S.C. § 1343. The District Court sentenced DeLaRosa under the United States Sentencing Guidelines to concurrent terms of 45 months' imprisonment on each count, to be followed by three years supervised release. The court also imposed a special assessment of $700 and ordered DeLaRosa to pay $164,833.03 in restitution. DeLaRosa challenges only her sentence on appeal.

After this appeal was filed, we decided *United States v. Alcantara,* 396 F.3d 189

(2d Cir.2005). In a supplemental letter brief dated January 25, 2005, DeLaRosa requested that her sentence be vacated and the case be remanded to the District Court in light of *Alcantara*. In its supplemental letter brief, the government argued that this case can be distinguished from *Alcantara* because DeLaRosa's husband and a lawyer representing DeLaRosa in state court proceedings were present at DeLaRosa's sentencing and because notice of the date DeLaRosa intended to plead guilty was indicated on the docket sheet. We decline to find that such circumstances render DeLaRosa's sentencing distinguishable from the proceedings found improper in *Alcantara*.

Accordingly, we hereby vacate DeLaRosa's sentence and remand for further proceedings in accordance with *Alcantara*. As we are remanding for further proceedings, we do not address the merits of DeLaRosa's arguments that the District Court erred in denying her a reduction in her offense level for acceptance of responsibility under United States Sentencing Guideline § 3E1.1, improperly penalized her by denying her an acceptance of responsibility adjustment based on arguments made in support of her downward departure motion, and refused to amend the PSR in violation of Federal Rule of Criminal Procedure 32. Nor do we address the impact of *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), or *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), on this appeal.

For the reasons set forth above, DeLaRosa's sentence is hereby **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.