UNITED STATES of America,
Appellee,

v.

Ellen DELAROSA, Defendant–
Appellant.

No. 05–5127–cr.

United States Court of Appeals,
Second Circuit.

June 14, 2006.

David L. Lewis, Lewis & Fiore, New York, N.Y., for Appellant.

Daniel W. Levy, Assistant United States Attorney, New York, N.Y., (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief; Celeste L. Koeleveld, Assistant United States Attorney, of counsel), for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Ellen DeLaRosa ("DeLaRosa") appeals from a judgment of conviction of the United States District Court for the Southern District of New York (Shirley Wohl Kram, *Judge)* dated September 14, 2005, convicting DeLaRosa upon a guilty plea of seven counts of wire fraud, in violation of 18 U.S.C. § 1343. The District Court sentenced DeLaRosa to concurrent terms of 45 months' imprisonment on each count, to be followed by three years' supervised release. The District Court also imposed a special assessment of $700 and ordered DeLaRosa to pay $159,315.63 in restitution. This was the second time the District Court sentenced DeLaRosa to 45 months' incarceration; we vacated her original sentence and remanded the case for resentencing. *See United States v. DeLaRosa,* 127 Fed.Appx. 523, 524 (2d Cir.2005). DeLaRosa again challenges her sentence on appeal. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

DeLaRosa contends that (i) the District Court erred by denying her a two-level reduction in her offense level under U.S.S.G. § 3E1.1 and (ii) her sentence of 45 months' imprisonment is unreasonable. We reject both of these arguments.

*Acceptance of Responsibility*

The District Court did not err in denying DeLaRosa a two-level reduction under § 3E1.1 for acceptance of responsibility. "Whether or not a defendant has accepted responsibility for the offense of conviction is a factual question as to which the district court's determination should not be disturbed unless it is without foundation." *United States v. Reyes,* 9 F.3d 275, 280 (2d Cir.1993) (citations and internal quotation marks omitted). Acceptance of responsibility requires that the defendant not only "truthfully admit[ ] the conduct comprising the offense of conviction" but also "truthfully admit[ ] or not falsely deny[ ] *any additional relevant conduct* for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." U.S.S.G. § 3E1.1 cmt. n. 1(a) (emphasis added). "Relevant conduct" under § 3E1.1 includes any concealment of the crime of conviction. *See* U.S.S.G. § 1B1.3 (defining relevant conduct as including "all acts and omissions committed ... that occurred during the commission of the offense of conviction, in preparation for that offense, *or in the course of attempting to avoid detection or responsibility for that offense"* (emphasis added)). The fact that a defendant "falsely denies, or frivolously contests, relevant conduct," § 3E1.1 cmt. n. 1(a), "is simply one factor among many to be weighed by a district court considering whether a downward adjustment for acceptance of responsibility is warranted." *United States v. Ruggiero,* 100 F.3d 284, 295 (2d Cir.1996).

The District Court denied DeLaRosa the § 3E1.1 adjustment because it found that DeLaRosa "denied having committed parts of the offense consistently, attempted to justify and excuse her conduct, and, contrary to her contention, did not voluntarily provide restitution to the victims." (Sentencing Tr. at 12.) "The assessment of a defendant's contrition, credibility, and candor is a matter for the sentencing judge ... and that judge's unique position entitles his determination to great deference on review." *United States v. Fernandez,* 127 F.3d 277, 285 (2d Cir.1997) (citations and internal quotation marks omitted). The District Court's findings in this case find ample support in the record. In her sentencing submissions to the District Court, DeLaRosa denied committing relevant conduct. She claimed that she had not concealed her theft by falsifying her employer's financial records. This assertion is plainly inconsistent with DeLaRosa's admission to the FBI that she entered false information into her employer's computer bookkeeping system to conceal her theft. DeLaRosa also falsely claimed to have made "voluntary restitution" to her former employer. DeLaRosa made restitution only after her former employer brought suit against her and months after she admitted that she had stolen the money. Because DeLaRosa falsely denied committing relevant conduct and falsely claimed to have made voluntary restitution, we cannot say that the District Court's decision that DeLaRosa had not fully accepted responsibility for her offense is without a foundation in the record.

## The Reasonableness of the Sentence

DeLaRosa argues that her sentence is unreasonable because the District Court made only a general reference to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), before re-imposing a sentence of 45 months' imprisonment. DeLaRosa also contends that the same reasons that supported her unsuccessful request for a downward departure from the Guideline range make her sentence unreasonable. Neither of these arguments is persuasive.

We find no merit in DeLaRosa's claim that the District Court failed to consider either *Booker* or the factors listed in 18 U.S.C. § 3553(a). As we made clear in *United States v. Crosby,* once the District Court determines the applicable Guidelines range, it must "consider" it, along with all of the factors listed in section 3553(a). *See* 397 F.3d 103, 112–13 (2d Cir.2005) "[W]e do not require any specific articulation by the sentencing judge to prove that [she] has considered the § 3553(a) factors." *United States v. Fernandez,* 443 F.3d 19, 34 (2d Cir.2006) (internal quotation marks and citations omitted). Although "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors," *id.* at 30, we note that the District Court stated that it was "not constrained by the Guidelines recommendation," but nonetheless took the suggested range into account (Sentencing Tr. at 13). DeLaRosa has not pointed to any evidence supporting an inference that the District Court misunderstood its duty to consider the § 3553(a) factors or its power to impose a non-Guideline sentence. Therefore, we decline to presume that the District Court acted in derogation of its duties.

Finally, DeLaRosa argues that her sentence is unreasonable because of her extraordinary rehabilitation while incarcerated, the fact that her crimes were the product of aberrant behavior, and her extraordinary family circumstances. We find that none of these factors or their combination are present to a degree that would render DeLaRosa's sentence unrea-

sonable. The sentence imposed was in the middle of the applicable Guidelines range. Upon a consideration of the entire record, we conclude that the sentence was well within the broad range of reasonable sentences that the District Court could have imposed.

For the foregoing reasons, the judgment of the District Court is hereby **AF-FIRMED.**